**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

GARRY L. TOLER,

          Petitioner,

v.                                    CIVIL ACTION NO. 5:05-cv-00510
                                   (Criminal No. 5:03-cr-00122)

UNITED STATES OF AMERICA,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner's § 2255 Motion to Vacate, Set Aside or Correct Sentence [Docket 52]. By Standing Order entered July 21, 2004, and filed in this case on June 24, 2005, this action was referred to Magistrate Judge R. Clarke VanDervort for submission of a Proposed Finding of Fact and Recommendation ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge submitted his PF&R [Docket 61] on October 19, 2006, recommending that this Court deny Petitioner's motion and dismiss the case from the active docket.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In this case, pursuant to 28 U.S.C. § 636(b)(1)(B), and Rule 6(e) and 72(b) of the Federal Rules of Civil Procedure, objections to the PF&R were due by November 3, 2006. To date, no objections have been filed.

The magistrate judge identified two grounds for relief raised by Petitioner: his classification as a career offender and his claim under *United States v. Booker*, 543 U.S. 220 (2005). Regarding the *Booker* claim, the magistrate judge correctly pointed out that *Booker* is inapplicable to Petitioner's claim on collateral review because Petitioner's sentence became final in 2004, long before the Supreme Court decided *Booker*. *See United States v. Morris*, 429 F.3d 65 (4th Cir. 2005). Because *Booker* is inapplicable to Petitioner's claim, the magistrate judge recommended that Petitioner's *Booker* claim be dismissed. This Court agrees with the magistrate judge's analysis and denies Petitioner's motion as to that claim.

Regarding Petitioner's challenge to his classification as a career offender, the magistrate judge found that "[Petitioner] is attempting to raise the issue now under § 2255 under the guise of an ineffective assistance of counsel claim . . . ." (Docket 61 at 4-5.) The magistrate then recommended that Petitioner's challenge be dismissed because he failed to challenge his classification on direct appeal. (*Id.* at 5.) The magistrate judge did not, however, address Petitioner's claim insofar as it alleges that his counsel was ineffective.[*] Therefore, the Court finds that it is appropriate to remand this action to the magistrate judge for a resolution with respect to that claim.

For the reasons stated herein, the Court **ADOPTS IN PART** the PF&R [Docket 61], **DENIES IN PART** Petitioner's § 2255 Motion [Docket 52] regarding his *Booker* claim, and **REMANDS** this action to Magistrate Judge VanDervort for a supplemental report and

---

[*] Petitioner's ineffective assistance of counsel claim is undermined by his filing of a Motion for Appointment of Counsel [Docket 50], wherein he specifically requests that his defense attorney for his criminal case, Timothy Lupardus, be appointed to represent him in his habeas case. (Docket 50 at 1.)

recommendation with respect to Petitioner's ineffective assistance of counsel claim. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

       ENTER:     November 26, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE