# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

GARRY L. TOLER,

        Petitioner,

v.                                      CIVIL ACTION NO. 5:05-cv-00510
                                            (Criminal No. 5:03-cr-00122)

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM OPINION

Pending before the Court are Petitioner's § 2255 Motion to Vacate, Set Aside or Correct Sentence [Docket 52] and Petitioner's Motion to Appoint Counsel[1] [Docket 50]. The Court reviews each of those motions in turn.

### *I. MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE*

By Standing Order entered July 21, 2004, and filed in this case on June 24, 2005, this action was referred to Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation (PF&R) pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge submitted his PF&R [Docket 61] on October 19, 2006, recommending that this Court deny Petitioner's motion and dismiss the case from the Court's active docket. By Memorandum Opinion and Order [Docket 63] entered on November 26, 2007, this Court adopted in part the PF&R as to Petitioner's *Booker* claim

---

[1] The motion to appoint counsel was docketed in Petitioner's criminal case, No. 5:03-cr-00122.

and re-referred the case to the magistrate judge for further consideration of Petitioner's ineffective assistance of counsel claim. The magistrate judge filed his Supplemental PF&R [Docket 65] on May 7, 2008, recommending that this Court deny Petitioner's ineffective assistance of counsel claim as well and dismiss the case.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In this case, pursuant to 28 U.S.C. § 636(b)(1)(B), and Rules 6(e) and 72(b) of the Federal Rules of Civil Procedure, objections to the PF&R were due by May 23, 2008. To date, no objections have been filed. Therefore, the Court **ADOPTS** the PF&R in its entirety and **DENIES** Petitioner's § 2255 Motion.

## II. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner pled guilty on July 21, 2003 to one count of bank robbery in violation of 18 U.S.C. § 2113(a), and was sentenced by this Court on November 18, 2003, to 210 months imprisonment. After an unsuccessful appeal to the Fourth Circuit, Petitioner filed the instant motion on June 1, 2005 requesting "that [his] defense attorney, Tim Lupardus[,] be appointed again to represent [him] in this matter." (Docket 50 at 1.)

It is well-established that prisoners have no constitutional right to appointed counsel when challenging their sentences on collateral review. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). Petitioner had an adequate avenue to pursue his grounds for relief on appeal. To the extent that he may raise those issues again on collateral review, his claims are considered civil in

nature. *Id.* at 557. Because Petitioner's habeas proceeding is separate from the criminal process, he does not have a right to appointed counsel and his motion is accordingly **DENIED**.

### *III. CONCLUSION*

For the reasons stated above, the Court **ADOPTS** the Supplemental PF&R [Docket 65] in its entirety, **DENIES** Petitioner's § 2255 Motion to Vacate, Set Aside or Correct Sentence [Docket 52], and **DISMISSES** the case from the active docket. The Court also **DENIES** Petitioner's Motion for Appointment of Counsel [Docket 50] filed in his criminal case, No. 5:03-cr-00122.[2] A separate Judgment Order will enter this day implementing the rulings contained herein.

ENTER:    June 9, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[2] The Court also received a letter from Petitioner dated December 12, 2007 in which he reiterates his criticism of his appointed attorney and states that he is unable to find a new attorney to represent him in this matter. To the extent that the letter may be construed as a claim for ineffective assistance of counsel, that claim is addressed in the Supplemental PF&R [Docket 65]. To the extent that the letter may be construed as a motion to appoint counsel, that issue is addressed in the instant Memorandum Opinion.