IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                      CRIMINAL ACTION NO. 5:03-CR-00122

GARY L. TOLER,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court are Defendant's Letter-Form Motion for Appointment of Counsel [Docket 69], and Application to Proceed Without Prepayment of Fees [Docket 56]. In that motion, Defendant asserts that he has "an unsettling feeling [that he] was sentenced incorrectly," and contends that he can prove that his presentence report (PSR) is inaccurate and that he was "treated wrong" by his probation officer. (Docket 69 at 1.) He now seeks the appointment of counsel to address these alleged wrongs.

      Defendant pled guilty to bank robbery on July 21, 2003. On November 18, 2003, he was sentenced by Chief Judge Haden to 210 months imprisonment, a $5,000 fine, and three years of supervised release. Defendant appealed his sentence to the United States Court of Appeals for the Fourth Circuit, which affirmed in part the judgment of the district court and dismissed in part the appeal. Defendant did not seek review in the United States Supreme Court.

On June 24, 2005, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, challenging the terms of his sentence. That motion was docketed as Civil Action No. 5:05-cv-00510 and referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation (PF&R). Judge VanDervort submitted his PF&R on October 19, 2006, and filed a Supplemental PF&R on May 7, 2008. By Memorandum Opinions [Dockets 63 and 66] entered on November 26, 2007, and June 9, 2008, respectively, the Court adopted the recommendation of the magistrate judge, denied Defendant's § 2255 motion, and dismissed the case.

"Once a district court enters a final judgment (which in a criminal case means the sentence) it lacks jurisdiction to continue hearing related issues, except to the extent authorized by statute or rule." *United States v. Campbell*, 324 F.3d 497, 500 (7th Cir. 2003) (Easterbrook, J., concurring). Defendant's conviction became final when his time to seek review by the Supreme Court expired. Thus, to the extent that Defendant seeks appointment of counsel in his criminal case—wherein the instant letter-form motion was docketed—he is foreclosed from doing so because this Court lacks jurisdiction to continue hearing related issues, such as a motion challenging the propriety of Defendant's sentence or seeking to have counsel appointed. In short, Defendant's criminal proceedings are complete save for the execution of his sentence (for which counsel is unnecessary) and any potential violations of the terms and conditions of his supervised release (for which counsel will be appointed if necessary). Accordingly, his only remaining avenue of relief is through a collateral attack under 28 U.S.C. § 2255.

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion . . . shall not be entertained if it appears . . . that [the sentencing court] court has

2

denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). If the appropriate court has previously denied a habeas petitioner relief, a petitioner may seek leave from a court of appeals to file a second or successive motion. § 2255(h). A panel of the appropriate court of appeals may authorize such a second or successive motion if it contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.* Defendant's previous § 2255 motion was denied by this Court on June 9, 2008, and he has not sought authorization from the Fourth Circuit to bring a second or successive motion. Accordingly, to the extent that Defendant seeks relief under 28 U.S.C. § 2255, his motion shall not be entertained unless the remedy is inadequate or ineffective to test the legality of his sentence. Defendant has not alleged that the remedy is inadequate or ineffective or provided any grounds to justify the consideration of the instant motion. Accordingly, he is not entitled to relief on this theory.

Even if Defendant had not previously sought relief under § 2255, the right to appointed counsel extends only to the first appeal of right, not to collateral attacks such as those brought pursuant to § 2255. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Thus, his motion should be denied on this ground as well.

For the reasons stated above, Defendant's Letter-Form Motion for Appointment of Counsel [Docket 69] is **DENIED**. Likewise, because the Court considered the merits of Defendant's case in which the application to proceed was filed, his Application to Proceed Without Prepayment of Fees [Docket 56] is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: February 12, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE